IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVINNESHIA TERRELL and
KAMIRIA JAMES,

    Plaintiffs,

v.

BOOST MOBILE,

    Defendant.

No.

JURY TRIAL DEMANDED

## COMPLAINT

### Introduction

1. This is an action for failure to pay the minimum wage and failure to pay overtime wages to plaintiffs Kevinneshia Terrell and Kamiria James by defendant Boost Mobile, brought pursuant to the provisions of the federal Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("the FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, the Chicago Minimum Wage Ordinance, Chicago Municipal Code Ch. 1-24-010 *et seq.*, the Cook County Minimum Wage Ordinance, Cook County Ordinance No. 16-5768, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction because plaintiffs have asserted claims arising under federal law pursuant to the provisions of the FLSA. Accordingly, the Court has jurisdiction over the subject matter of this action under 29 U.S.C. 216(b) and 28 U.S.C. 1331. The Court has supplemental jurisdiction over plaintiffs' state and municipal law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the unlawful employment practices described herein were committed in the Northern District of Illinois and all parties are residents of the Northern District of Illinois.

## Parties

4. Plaintiff Kevinneshia Terrell is an Illinois resident who resides in the Northern District of Illinois and was employed by defendant Boost Mobile at its 5967 W. Chicago Ave., Chicago, Illinois location from approximately July 19, 2019 to approximately August 22, 2019.

5. Plaintiff Kamaria James is an Illinois resident who resides in the Northern District of Illinois and is employed by defendant Boost Mobile at its 5967 W. Chicago Ave., Chicago, Illinois location. She began working for Boost Mobile at that location on or about April 11, 2019.

6. Defendant Boost Mobile is a national business with operations in the Northern District of Illinois. Defendant Boost Mobile has been the employer of plaintiffs within the meaning of the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, the Cook County Minimum Wage Ordinance, and the Illinois Wage Payment and Collection Act. Boost Mobile has been an enterprise engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. 203(s)(1).

## Facts

7. Plaintiff Terrell worked for Boost Mobile six days a week, nine hours a day (54 hours per week) but was paid only $50.00 per day. On an hourly basis, she was paid

less than $6.00/hr. She was not paid time-and-a-half when she worked more than 40 hours per week.

8. Plaintiff James has worked for Boost Mobile five days a week, nine hours a day, and a sixth day per week of 7 hours (52 hours per week) but has been paid only $50.00 per day. On an hourly basis, she has been paid less than $6.00/hr. She has not been paid time-and-a-half when she worked more than 40 hours per week.

9. The federal minimum wage, pursuant to the FLSA, is $7.25/hr. The Illinois Minimum Wage, pursuant to the Illinois Minimum Wage Law, is $8.25/hr. The Chicago minimum wage, pursuant to the Chicago Minimum Wage Ordinance, was $12.00/hr. beginning on July 1, 2018 and was raised to $13.00/hr. beginning on July 1, 2019. The Cook County minimum wage, pursuant to the Cook County Minimum Wage Ordinance, was $11.00/hr. as of July 1, 2018 and was raised to $12.00/hr. starting July 1, 2019.

8. By paying plaintiffs less than $6.00/hr. defendant Boost Mobile violated and is violating the minimum wage provisions of the FLSA, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, and the Cook County Minimum Wage Ordinance.

9. By failing to pay plaintiffs time-and-a-half wages when they worked more than 40 hours per week defendant Boost Mobile violated and is violating the overtime pay provisions of the FLSA, 29 U.S.C. 207(a)(2) and the Illinois Minimum Wage Law, 820 ILCS 105/4a.

10. Upon plaintiff Kevinneshia Terrell's separation from employment with defendant, defendant Boost Mobile failed to pay the wages that were then due and owing

to plaintiff Terrell, as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

## COUNT I – FLSA ACTION

11. Plaintiffs re-allege and incorporate by reference paragraphs 1-10 of this Complaint as paragraphs 1-10 of this Count I.

12. By failing to pay the minimum wage owed to plaintiffs and failing to pay overtime wages to plaintiffs, defendant Boost Mobile took from them wages due to them and violated the provisions of the FLSA.

13. Defendant acted willfully in failing to pay plaintiffs the FLSA-mandated minimum wage and in failing to pay plaintiffs time-and-a-half wages when they worked more than 40 hours per week.

14. Defendant's violation of law cost plaintiffs thousands of dollars.

15. Under the provisions of the FLSA, defendant Boost Mobile is liable to pay plaintiffs the unpaid portion of the minimum wage, unpaid overtime wages, an equal amount for liquidated damages, and reasonable attorney's fees and costs.

## COUNT II – ILLINOIS MINIMUM WAGE LAW ACTION

16. Plaintiffs re-allege and incorporate by reference paragraphs 1-15 of this Complaint as paragraphs 1-15 of this Count II.

17. By failing to pay the minimum wage owed to plaintiffs and failing to pay overtime wages to plaintiffs, defendant Boost Mobile took from them wages due to them and violated the provisions of the Illinois Minimum Wage Law.

18. Under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/12, defendant Boost Mobile is liable to pay plaintiffs the unpaid portion of the minimum

wage, their unpaid overtime wages, treble damages, five percent (5%) of those wages for each month they have been unpaid, and reasonable attorney's fees and costs.

### COUNT III – CHICAGO MINIMUM WAGE ORDINANCE ACTION

19. Plaintiffs re-allege and incorporate by reference paragraphs 1-18 of this Complaint as paragraphs 1-18 of this Count III.

20. By failing to pay the minimum wage owed to plaintiffs pursuant to the Chicago Minimum Wage Ordinance, defendant took from plaintiffs wages owed to them and violated the provisions of the Chicago Minimum Wage Ordinance.

21. Under the provisions of the Chicago Minimum Wage Ordinance, defendant Boost Mobile is liable to pay plaintiffs the unpaid portion of the minimum wage set by the Chicago Minimum Wage Ordinance, treble damages, and reasonable attorney's fees.

### COUNT IV – COOK COUNTY MINIMUM WAGE ORDINANCE ACTION

22. Plaintiffs re-allege and incorporate by reference paragraphs 1-21 of this Complaint as paragraphs 1-21 of this Count IV.

23. By failing to pay the minimum wage owed to plaintiffs pursuant to the Cook County Minimum Wage Ordinance, defendant took from plaintiffs wages owed to them and violated the provisions of the Cook County Minimum Wage Ordinance.

24. Under the provisions of the Cook County Minimum Wage Ordinance, defendant Boost Mobile is liable to pay plaintiffs the unpaid portion of the minimum wage set by the Cook County Minimum Wage Ordinance, treble damages, and reasonable attorney's fees and costs.

### COUNT V – ILLINOIS WAGE PAYMENT AND COLLECTION ACT ACTION

25. Plaintiffs re-allege and incorporate by reference paragraphs 1-24 of this Complaint as paragraphs 1-14 of this Count V.

26. By failing to pay the final wages owed to plaintiff Terrell upon the termination of his employment with defendant, defendant Boost Mobile violated and is violating the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

27. At all times relevant hereto, the Illinois Wage Payment and Collection Act, 820 ILCS 115/14, has provided that an employer that fails to pay final wages to an employee shall owe, in addition to those wages, an amount equal to two percent (2%) of those wages for every month they are unpaid and has provided that an employee not paid final wages may recover reasonable attorney's fees and costs in a civil action.

WHEREFORE, plaintiffs Kevinneshia Terrell and Kamiria James pray for judgment against defendant Boost Mobile:

(a) the difference between what plaintiffs were paid and the minimum wage they were entitled to be paid;

(b) payment of the unpaid overtime wages owed to plaintiffs;

(c) an equal amount paid to plaintiffs as liquidated damages under the FLSA;

(d) treble damages under the Illinois Minimum Wage Law and treble damages for unpaid minimum wages under the Chicago Minimum Wage Ordinance and the Cook County Minimum Wage Ordinance;

(e) five percent (5%) of the amount of unpaid minimum wages and unpaid overtime wages for each month they have been unpaid, due under the Illinois Minimum Wage Law;

(f) for plaintiff Terrell, two percent (2%) of the amount of unpaid minimum wages and unpaid overtime wages for each month they have been unpaid, due under the Illinois Wage Payment and Collection Act;

(g) pre-judgment and post-judgment interest;

(h) reasonable attorney's fees and costs; and

(i) such other relief as the Court shall find just.

PLAINTIFFS DEMAND TRIAL BY JURY

By: /s/ Paul Strauss
Attorney for plaintiffs Kevinneshia Terrell
and Kamiria James

Paul Strauss
5525 S. Woodlawn Ave.
Chicago, IL 60637
(773) 551-5350
pstr1968@gmail.com
ARDC No. 6181436